The opinion of the Court was delivered by
Johnston, Ch.
We concur generally in the views of the Chancellor. On one point, only, is it deemed necessary to add anything to what he has said in the decree. I allude to the statute of limitations.
The plaintiff’s counsel has brought to our view the case of Bradley vs. McBride, decided in April, 1832; and recently *144 reported in Richardson’s Equity Cases, 202. The Court, consisting of two Judges, says in that case : “The statute of limitations begins to run against a fraud from the time it is discovered. The time within which the statuory bar against a fraud is complete, must be - governed by the nature of the claim against which it is set up. If it is for the enforcement of a parol contract, or the recovery of personal property, the time within which the statute has directed that actions of assumpsit, trover or detinue, shall be brought, is the rule in Equity. If it is for the recovery of land, then the time limited for the bringing of actions at law, for its recovery, is the time within which a bill in Equity, to be relieved from a fraud defeating the complainant’s title, must be filed. The sale in this case, was made in 1822; and the fraud, if any, was then consummated. In 1824, the statute of limitations as to lands, was extended to ten years. (6 Stat. 238). The complainant, not being barred at the time the statute was extended, was entitled to the benefit of its ¡extension ; and could, at any time within ten years of the sale, have brought this suit.”
A note is appended to this case of Bradley vs. McBride, (Rich. Eq. Cases, 202,) in the following-words : “ In McDonald vs. May, (1 Rich. Eq. 91,) it was held that the plaintiff, in such a bill, was entitled to but four years. But that decision was made, seemingly, without much consideration, and without knowledge of the case of Bradley vs. McBride.”
I do not know how it appears that the decision referred to was made upon sight consideration : unless the inference is drawn from an omission to argue the point or refer to authorities in the judgment of the Court.
The fact is, that whatever doubts might have existed on the subject, (and I conceive there was very little room for any) had been cleared up in two cases, at least, decided after that of Bradley and McBride and before that of McDonald and May ; which decisions ruled the very point to the hand of the Court before which the last mentioned case came up, and rendered it unnecessary to enter upon an elaborate examination of it.
*145 The first of these cases was that of Eigleberger vs. Kibler, reported in 1 Hill, Ch. 113. This .was heard on Circuit in July, 1832, and brought up by appeal in January, 1833, before the two Judges who had decided Bradley vs. McBride, and before Chancellor Harper, who did not sit in that case. The subject was a fraudulent deed for land. It was held on the circuit that ten years were not necessary to bar the remedy; but that four years were sufficient. The judgment, on appeal, was delivered by Mr. Justice O’Neall, who had delivered the opinion in Bradley vs. McBride. He says: “ The statute runs from the discovery of the fraud ; and the relief sought is not to recover the land, but to be paid a debt out of it. It is in the nature of an action of deceit. The injury of which the creditor complains, is, that by the fraud of his debtor, he cannot be paid. This is purely a personal, and not a real action: and the statute runs from the discovery of the fraud, as the accrual of the cause of action ; and at the expiration of four years, its bar is complete.” The whole Court concurred.
The second case subsequent to that of Bradley vs. McBride, was that of Farr vs. Farr, reported 1 Hill, Ch. 387. A deed had been made of realty and personalty. The complaint was, that it had been obtained by fraud, misrepresentation and concealment, of material facts. It was held to have been sanctified by the statute of limitations: and on appeal, the judgment was delivered by Chancellor Harper (the whole Court concurring). He said “ the complainants come to be relieved against a fraud : to set aside a deed, &c. I am not aware that there is any doubt about the rule, that a party coming to be relieved against a fraud, must come within four years, (in England six years) from the time the fraud is discovered. In South Sea Company vs. Wymondsell, (3 Pr. Wms. 143,) it is ruled that the bill must allege that the fraud was discovered within six years before exhibiting it; and the fact must correspond with the allegation.” “The subject is fully considered by Lord Redesdalé in Hovenden vs. Annesley, (2 Sch. & Lef. 607)”.
*146 The Court which decided McDonald vs. May in 1843, merely followed these decisions : which were reported and well known : and though they may never have kno'wn, or have forgotten, Bradly vs. McBride, lost nothing by their ignorance of it.
The Chancellor infers from the evidence that the plaintiff in the present case had notice of the transaction of which he complains as a fraud more than four years before he filed his bill: and the circumstances render his conclusion reasonable. Indeed, he does not aver in his bill that he came to the knowledge of the fraud within four years : but only that (though he may have known it) he did not discover evidence by which he could establish it until within four years.(a)
It is ordered, that the decree be affirmed, and the appeal dismissed.
Dunkin, DargaN and Wardlaw, CG., concurred.

Appeal Dismissed.

 Prescott vs. Hubhell, 1 Hill, Ch. 217.